IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZACHARY RICE, by and through his father )
and next friend, PATRICK RICE, and )
PATRICK RICE, individually, )
)
         Plaintiffs, )
) Civil Action No.: 07 C 1715
 v. )
) Suzanne B. Conlon, Judge
HUMANA INSURANCE COMPANY, a )
corporation, )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Patrick Rice sues Humana Insurance Company on behalf of himself and his son Zachary Rice under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Rice alleges Humana violated ERISA and breached its fiduciary duty by denying insurance benefits for Zachary's medically necessary treatment. Humana moves to dismiss the breach of fiduciary duty claim (Count II). For the reasons set forth below, the motion is granted.

### BACKGROUND

The following facts are derived from the complaint. Rice's employer provided a health insurance plan under which Rice and his eight year old son Zachary were covered. Compl. at ¶ 3. Humana was the administrator, underwriter and fiduciary of the plan. *Id.* at ¶ 4. Zachary suffers from Asperger's syndrome, a qualified health condition under Rice's insurance policy. *Id.* at ¶¶ 8-9. Zachary receives therapy once or twice a week to address developmental, anxiety and behavioral problems caused by the syndrome. *Id.* at ¶¶ 8, 10. Zachary's doctors have concluded therapy is medically necessary to treat his condition. *Id.* at ¶ 11.

Rice's policy provided that Zachary's treatment must be pre-certified as medically necessary every six months to secure benefits. Compl. at ¶ 12. Rice submitted medical information regarding Zachary's treatment to Humana. *Id.* at ¶ 14. Humana pre-approved Zachary's treatment several times. *Id.* at ¶ 15. In October 2003, Humana informed Rice that it would not pre-approve and provide benefits for Zachary's treatment. *Id.* at ¶ 17. Rice appealed Humana's decision and provided additional documentation that the treatment was medically necessary. *Id.* at ¶ 18. Humana reversed its decision in November 2003. *Id.* at ¶ 19. Zachary's treatment was preapproved several more times, but in September 2006, Humana ceased to provide benefits for Zachary's condition. *Id.* at ¶¶ 20-22. Rice submitted Zachary's medical bills to Humana, but Humana denied payment. *Id.* at ¶¶ 23-24. Rice appealed, and Humana denied his appeal. *Id.* at ¶¶ 25-27.

Rice continues to obtain therapy for Zachary at his own expense because he believes it is medically necessary. Compl. at ¶ 28. He has incurred significant medical bills and expects to continue to do so. *Id.* Rice exhausted all remedies under his insurance policy. *Id.* at ¶ 31.

## DISCUSSION

### I.    Legal Standard

A motion brought under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). Dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citations and internal quotations omitted); *see also Vincent v. City Coll. of Chicago*, No. 06-3082, slip op. at 3-4 (7th Cir. Apr. 30, 2007). A plaintiff need not plead particular legal theories or facts to state a claim; all that is required is "a short plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)); *see also* FED. R. CIV. P. 8(a)(2). The court must take a plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.*

## II. Breach of Fiduciary Duty

Humana argues Rice's claim for breach of fiduciary duty must be dismissed because it is pleaded under an inapplicable provision of ERISA that does not provide for individual relief. Humana also argues even if Rice pleaded his claim under the applicable ERISA provision establishing equitable relief to individual participants for breach of fiduciary duties, he is foreclosed because he may obtain relief under ERISA's other civil enforcement provisions.

ERISA provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A participant or beneficiary may bring a civil action for breach of fiduciary duty under § 1109. 29 U.S.C. § 1132(a)(2). A civil action may also be brought by a participant, beneficiary or fiduciary to enjoin any act that violates ERISA or a plan, or for other "appropriate equitable relief" to redress violations or enforce any provisions of ERISA or a plan. 29 U.S.C. § 1132(a)(3).

### A. Breach of Fiduciary Duty Under § 1109

Rice does not cite a particular ERISA section in his breach of fiduciary duty claim, but the claim is captioned "Breach of Fiduciary Duty 29 U.S.C.A. § 1109." Compl., Count II. Section 1109 provides that plan fiduciaries are personally liable to the plan for breach of fiduciary duty. 29 U.S.C. § 1109. A plan participant may bring a civil action for relief under § 1109. 29 U.S.C. § 1132(a)(2). However, any recovery for a violation of § 1109 goes to the plan as a whole and not to an individual

3

beneficiary. *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 992 (7th Cir. 1993). Section 1132(a)(3) provides for individual equitable relief for a fiduciary's breach of duty. *Id.* at 993; 29 U.S.C. § 1132(a)(3).

Rice seeks individual relief, not relief to the plan as a whole. He requests the same relief in both counts of his complaint: a declaration that Zachary's treatment is fully covered, an injunction against any future denial of benefits, reimbursement of lost benefits and costs, attorney fees, and any other appropriate relief. Compl. Counts I and II, (a)-(e). The requested relief inures to Rice as an individual and specifically relates to Zachary's treatment. Because Rice seeks individual rather than plan-wide relief, he cannot maintain an action under § 1132(a)(2) for a violation of § 1109.

Rice ignores Humana's argument he cannot seek relief under § 1132(a)(2) because § 1109 does not provide individual relief. Notwithstanding its caption, Rice characterizes his claim as brought pursuant to § 1132(a)(3). Unlike § 1132(a)(2), § 1132(a)(3) provides for individual relief for breach of fiduciary duty. *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 591-92 (7th Cir. 2000). Section 1132(a)(3) is limited to "appropriate equitable relief" – traditional equitable remedies such as injunction or restitution. *Id.* Rice seeks an injunction, and reimbursement of benefits. An injunction is a form of equitable relief, and restitution of medical expenses can be an equitable remedy for breach of fiduciary duty under § 1132(a)(3). *Bowerman*, 226 F.3d at 592.

Rice's claim for breach of fiduciary duty cannot be dismissed because he cites an inapplicable section of ERISA (§ 1109), or because he failed to cite a potentially applicable section (§ 1132(a)(3)). He need not plead facts or law to state a claim. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). Under Fed. R. Civ. P. 8, he need not do more than "narrate a grievance simply and directly, so that the defendant knows what he has been accused of." *Id.* Rice alleges Humana

4

breached its fiduciary duty by denying benefits, and seeks individual equitable relief, afforded under § 1132(a)(3). Compl. at Count II. His claim is sufficient to provide Humana with notice of his grievance; "factual details and legal arguments come later." *Id.*

## B.    *Varity Corp. v. Howe*

Humana argues even if Rice's claim is brought under § 1132(a)(3), it must be dismissed because he may not sue for breach of fiduciary duty to seek relief he could obtain under another section of ERISA. Rice's complaint asserts two counts. Count I alleges Humana's denial of benefits for Zachary's treatment violated ERISA. Count I does not cite a particular ERISA section, but presumably it is brought under § 1132(a)(1)(B). Count II alleges Humana breached its fiduciary duty by denying benefits, and is presumably brought under § 1132(a)(3). Rice seeks the identical relief under both counts.

Humana relies on language in *Varity Corp. v. Howe*, 516 U.S. 489 (1996). There, the Supreme Court held that Varity, a plan administrator, breached its fiduciary duty by misleading plan participants about their benefits. *Id.* at 506. The Court interpreted the phrase "appropriate equitable relief" in § 1132(a)(3), and held that the section provided for individual equitable relief. *Id.* at 515. The Court noted the plaintiffs in *Varity* could not bring a civil action under § 1132(a)(1)(B) because they were no longer members of the plan and had no benefits due to them under the plan. *Id.* Nor could they bring an action under § 1132(a)(1)(B) because it does not provide an individual remedy. *Id.* Plaintiffs had to rely on § 1132(a)(3) or have no remedy at all, which would be inconsistent with ERISA's language and purpose. *Id.* The Court stated, however, that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.*

5

The Seventh Circuit has not directly applied *Varity*. Several other circuits and judges of this court have interpreted the Supreme Court's statement to mean that a claim for equitable relief under § 1132(a)(3) must be dismissed if relief may be obtained under § 1132(a)(1)(B). *See Heroux v. Humana Ins. Co.*, No. 04 C 304, 2005 WL 1377854, * 4 (N.D. Ill. June 8, 2005) (Lefkow, J.) (collecting cases); *Erikson v. Ungaretti & Harris – Exclusive Provider Plan*, No. 03 C 5466, 2003 WL 22836462, *2 (N.D. Ill. Nov. 24, 2003) (Aspen, J.) (collecting cases); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006) ("the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)", collecting cases). To allow a claim under § 1132(a)(3) would permit ERISA claimants to characterize denial of benefits as a breach of fiduciary duty. The Supreme Court expressly rejected this proposition. *Korotynska*, 474 F.3d at 107.

Relying on *Murphy v. U.S. Life Ins. Co.*, Rice argues that he may plead two alternate theories of liability. No. 04 C 2930, 2005 WL 711982 (N.D. Ill. March 23, 2005) (Darrah, J.). *Murphy* held that while a plaintiff may not recover duplicative relief under § 1132(a)(1)(B) and § 1132(a)(3), he may plead claims under both. *Id.* at *2 (citing *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001) (*Varity* did not eliminate the possibility of a plaintiff successfully asserting a claim under both statutes)); *but see Erikson*, 2003 WL 22836462 at *2 n.2 (distinguishing *Devlin* because the plaintiffs sought more than mere recovery of their benefits). *Murphy* does not directly address the language in *Varity*. The fact that alternative pleading is permitted is irrelevant because under *Varity*, Rice's § 1132(a)(3) claim must be dismissed if relief may be obtained under § 1132(a)(1)(B). *Jurgovan v. ITI Enterprises*, No. 03 C 4627, 2004 WL 1427115, at *4 (N.D. Ill. June 23, 2004) (Manning, J.).

Rice does not seek any relief in his claim under § 1132(a)(3) that would be unavailable to him under § 1132(a)(1)(B). This is underscored by the fact that he seeks the identical relief under both counts. Rice argues he seeks an injunction, an equitable remedy. However, his request for an injunction against future denial of benefits is available under § 1132(a)(1)(B); he may clarify his right to future benefits under the plan. 29 U.S.C. § 1132(a)(1)(B); *Erikson*, 2003 WL 22836462 at *3.

## CONCLUSION

The relief Rice seeks in his claim for breach of fiduciary duty is available under § 1132(a)(1)(B). Count II of the complaint is dismissed.

ENTER:

June 4, 2007

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge